IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

FRANK SIMON,

    Plaintiff,

vs.

PHU HAO, LLC,
d/b/a Koto Japanese Cuisine,
a Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, FRANK SIMON, sues Defendant, PHU HAO, LLC, and shows:

### Introduction

1. This is an action by FRANK SIMON against his former employer for unpaid overtime pursuant to the Fair Labor Standards Act. Plaintiff seeks damages, costs, and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

## Parties

4. Plaintiff, FRANK SIMON, (hereinafter "SIMON") a resident of Broward County, Florida, was at all times material, employed by PHU HAO, LLC as a busser, cleaner, and general laborer for PHU HAO, LLC which serves food that was moved through interstate commerce. SIMON was an employee as defined by 29 U.S.C. § 203(e), and during his employment with PHU HAO, LLC, was engaged in interstate commerce or in the production of goods for commerce.

5. Defendant, PHU HAO, LLC (hereinafter, "PHU HAO"), is a Florida limited liability company with its principal place of business in Coral Springs, Broward County, Florida and is an enterprise engaged in the preparation and serving of Japanese cuisine under the fictitious name Koto Japanese Cuisine.

6. PHU HAO is an enterprise engaged in an industry affecting commerce, employs two or more employees affecting interstate commerce in that it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the location where SIMON was employed.

7. Upon information and belief, PHU HAO is an enterprise with an annual gross volume of sales made or business done of not less than $500,000.00.

## General Allegations

8. SIMON was employed by PHU HAO d/b/a Koto Japanese Cuisine as a busser, cleaner, and general laborer assisting with the preparation and serving of Japanese cuisine from approximately 2015 to on or about March 8, 2023.

9. Throughout the course of his employment, SIMON regularly worked over 40 hours a week. In fact, SIMON, on average, worked a 60-hour week for the Defendant.

10. SIMON was never paid a rate of one and a half times his hourly rate for any hours worked over 40 in any week.

11. All conditions precedent to this action have been performed or have been waived.

**Count I – Violation of FLSA by PHU HAO, LLC – Overtime**

12. Plaintiff, FRANK SIMON, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 11 above.

13. Since March 2020 up to and including March 2023, PHU HAO has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed.

14. Specifically, SIMON, since March 2020, has worked in excess of 40 hours a week nearly every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

15. The failure to pay overtime compensation to SIMON is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative, or professional employee, or in the alternative, if SIMON was exempt, PHU HAO's actions and/or conduct have effectively removed any exemption that may have applied to SIMON.

16. PHU HAO's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and SIMON's status as non-exempt but chose not to pay him in accordance with the Act.

17. SIMON is entitled, pursuant to 29 U.S.C. § 216(b), to recover from PHU HAO:

   a. All unpaid overtime that is due;

   b. As liquidated damages, an amount equal to the unpaid overtime owed;

   c. The costs of this action, and;

   d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, FRANK SIMON, prays that this court will grant judgment against PHU HAO, LLC:

   a. awarding SIMON payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

   b. awarding SIMON an additional equal amount as liquidated damages;

   c. awarding SIMON his costs, including a reasonable attorney's fee; and

   d. granting such other and further relief as is just.

## Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Dated: March 21, 2023
Plantation, Florida

Respectfully submitted,

*/s/ Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: Rob@floridawagelaw.com
James A. Peterson, Esq. (Fla Bar No. 645621)
E-Mail: James@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 NW 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for Plaintiff SIMON